UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

FRANCES UNGER, Individually and On Behalf of : 
All Others Similarly Situated, :
: 
Plaintiff, :  Case No. 01-CV-703
:  Judge James J. Brady
v. :
:
AMEDISYS, INC., WILLIAM F. BORNE, :
LARRY GRAHAM and JOHN M. JOFFRION, :
:
Defendants. :
:

## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

NOW INTO COURT, through undersigned counsel, come Plaintiffs in the above referenced case and file this, their Plaintiffs' Motion for Class Certification and respectfully show the Court as follows:

Plaintiffs hereby move this Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure for an order: (a) determining that this action shall be maintained as a class action on behalf of the Class defined below; (b) appointing as Class representatives the plaintiffs William Patterson and Gordon Ellis (the "Moving Plaintiffs"); and (c) certifying Stull Stull & Brody and Keller Rohrback L.L.P. as counsel for the Class and McKeithen, McKeithen & Bohman as liaison counsel for the Class. In support of their Motion for Class Certification, plaintiffs have submitted the accompanying Plaintiffs' Memorandum of Law in Support of Their Motion for Class Certification ("Plaintiffs' Memorandum").

The proposed Class consists of all persons and entities who purchased common stock of Amedisys, Inc. ("Amedisys" or the "Company") during the period November 15, 2000 through

June 13, 2001, inclusive (the "Class period"), and who were damaged thereby. Excluded from the proposed Class are all defendants, including the insurance company defendants, the Company and its subsidiaries, affiliates, directors, senior officers, successors or assigns and any of the heirs or members of the immediate families of the defendants.

The proposed Class satisfies the numerosity, commonality, typicality and adequacy of representation requirements of Fed. R. Civ. P. 23(a)(1)-(4) and the predominance and superiority requirements of Fed. R. Civ. P. 23(b)(3).

Plaintiffs anticipate that the Class will consist of hundreds or thousands of members. Because a class of this size would be so large that joinder of all Class members would be impracticable, this action satisfies the numerosity requirement of Rule 23(a)(1) of the Federal Rules of Civil Procedure.

Pursuant to Rule 23(a)(2), this action involves numerous common questions of law and fact, including, inter alia, the following:

i. Whether the federal securities laws were violated by defendants' acts as alleged herein;

ii. Whether documents, releases and/or statements disseminated to the investing public and Amedisys common stockholders during the Class Period omitted and/or misrepresented material facts about the business and financial condition of the Company;

iii. Whether Defendants made materially misleading statements during the Class Period about the business and financial condition of the Company;

iv. Whether Defendants acted knowingly and/or recklessly in making materially false statements and omitting material facts about the business and financial condition of the

2

Company;

v.    Whether the market price of the Company's common stock was artificially inflated during the Class Period due to the non-disclosures and/or material misrepresentations complained of the herein; and

vi.    Whether the members of the Class have been damaged as a result of their purchases of the Amedisys common stock and, if so, the proper measure of damages.

Moving Plaintiffs meet the typicality requirement of Fed. R. Civ. P. 23(a)(3). Moving Plaintiffs are members of the Class because they purchased Amedisys common stock at inflated prices during the Class Period and were injured as a result of defendants' wrongful conduct. Moving Plaintiffs possess the same interest and have suffered the same injury as the other members of the Class. Moving Plaintiffs will offer the same type of evidence as the other Class members would offer were they to prosecute their claims individually.

Moving Plaintiffs also fulfill the adequacy requirement of Fed. R. Civ. P. 23(a)(4). Their interests do not conflict with, and are not antagonistic to, those of the other members of the Class. Moving Plaintiffs will vigorously prosecute the Class claims. Moving Plaintiffs' counsel are experienced in securities class action litigation and qualified to represent the Class.

Finally, Moving Plaintiffs meet the requirements of Fed. R. Civ. P. 23(b)(3). The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members. The Complaint alleges that defendants engaged in a continuous course of conduct which served to artificially inflate the price of Amedisys common stock by disseminating uniform, false public statements regarding the Company's business, operations, financial condition and prospects. The issues of law and fact which flow from such

actions clearly predominate over any individual issues.

A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Defendants' violations of law have inflicted economic injury on large numbers of geographically dispersed persons. Adjudicating the case as a class action will promote judicial economy and avoid the risk of inconsistent judgments if multiple individual suits were to be litigated. A class action will also permit numerous individuals who have suffered injuries to seek redress for their injuries, while bringing individual actions would not be economically feasible. The alternatives to a class action are either no recourse for thousands of securities holders, or a multiplicity of scattered suits resulting in the inefficient administration of litigation.

**WHEREFORE,** Moving Plaintiffs request that this Court certify this action as a class action on behalf of the Class as defined herein; appoint as Class representatives the plaintiffs William Patterson and Gordon Ellis; certify Stull Stull & Brody and Keller Rohrback L.L.P. as counsel for the Class and McKeithen, McKeithen & Bohman as liaison counsel for the Class; and award Moving Plaintiffs any such other relief to which they show themselves justly entitled.

Dated: February 19, 2003

Respectfully submitted,

McKEITHEN, McKEITHEN & BOHMAN

_____
Marjorie A. McKeithen T/A (#21767)
Martin S. Bohman (#22005)
10771 Perkins Road, First Floor
Baton Rouge, Louisiana 70810
(225) 766-6500
**(Plaintiffs' Counsel and
Proposed Liaison Counsel for the Class)**

STULL, STULL & BRODY
Jules Brody
Mark Levine
6 East 45th Street
New York, NY 10017
(212) 687-7230
**(Plaintiffs' Counsel and
Proposed Counsel for the Class)**

KELLER ROHRBACK L.L.P.
Lynn Lincoln Sarko
Juli F. Desper
Elizabeth A. Leland
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
(206) 623-1900
**(Plaintiffs' Counsel and
Proposed Counsel for the Class)**

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of this instrument has been forwarded to all counsel of record, via certified mail, return receipt requested, and/or via facsimile, and/or via U.S. Mail on this _19_ day of February, 2003.

_____
MARJORIE A. McKEITHEN